UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 1:18-cv-414 |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID RAYMOND SONNEMAN and | ) | |
| JENNIFER ANN SONNEMAN, | ) | |
| | ) | |
| *Defendants*. | ) | |

## **COMPLAINT**

The United States of America, with the authorization of a delegate of the Secretary of the Treasury and at the direction of the Attorney General of the United States pursuant to Section 7401 of Title 26 of the United States Code, brings this civil action to reduce to judgment certain unpaid assessed federal tax liabilities of Defendants David Raymond Sonneman and Jennifer Ann Sonneman.  Specifically, the United States complains and alleges as follows:

### **Parties, Jurisdiction, and Venue**

1.  Jurisdiction over this action is conferred upon the district court by Sections 1331, 1340, and 1345 of Title 28 of the United States Code and Section 7402 of Title 26 of the United States Code.

2.  Venue is proper under Sections 1391(b) and 1396 of Title 28 of the United States Code.

3.  Defendant David Raymond Sonneman is an individual also known as David R. Sonneman and David Sonneman.  On information and belief, David Raymond Sonneman resides in Westfield, Indiana.

4.      Defendant Jennifer Ann Sonneman is an individual also known as Jennifer Sonneman and Jennifer A. Sonneman.  On information and belief, Jennifer Ann Sonneman resides in New Palestine, Indiana.

**Background**

5.      At all relevant times, David Raymond Sonneman and Jennifer Ann Sonneman were married.

6.      On May 7, 2010, David Raymond Sonneman and Jennifer Ann Sonneman filed a bankruptcy petition pursuant to Chapter 7 of Title 11 of the United States Code with the United States Bankruptcy Court for the District of Idaho (no. 1:10-1352).

7.      On October 5, 2010, David Raymond Sonneman and Jennifer Ann Sonneman were granted a discharge pursuant to Chapter 7 of Title 11 of the United States Code.

8.      On October 10, 2012, the United States Bankruptcy Court for the District of Idaho transferred the bankruptcy case described in paragraph 6 to the United States Bankruptcy Court for the Southern District of Indiana, where it was given case no. 1:12-13028.

9.      On May 8, 2013, the United States Bankruptcy Court for the Southern District of Indiana closed the bankruptcy case described in paragraph 8.

10.     On August 20, 2013, David Raymond Sonneman and Jennifer Ann Sonneman filed a bankruptcy petition pursuant to Chapter 13 of Title 11 of the United States Code with the United States Bankruptcy Court for the Southern District of Indiana (no. 1:13-8895).

11.     On September 4, 2013, the Bankruptcy Court dismissed the bankruptcy case described in paragraph 10.

12.     On December 18, 2013, David Raymond Sonneman and Jennifer Ann Sonneman filed a bankruptcy petition pursuant to Chapter 13 of Title 11 of the United States Code with the United States Bankruptcy Court for the Southern District of Indiana (no. 1:13-13031).

13.     On April 13, 2015, David Raymond Sonneman and Jennifer Ann Sonneman and the United States of America entered into a settlement agreement (the "Settlement Agreement") to address their federal income tax liabilities for tax years 2003 through 2008 and 2010 through 2014.  A copy of the Settlement Agreement and IRS Proof of Claim 2-1, filed in the bankruptcy case described in paragraph 12 and incorporated into the Settlement Agreement by reference, are attached to this Complaint as Exhibits A and B.

14.     On April 20, 2015, the Bankruptcy Court, consistent with the Settlement Agreement, dismissed the bankruptcy case described in paragraph 12.

### The Settlement Agreement

15.     Paragraphs 1-3 of the Settlement Agreement provide that David Raymond Sonneman and Jennifer Ann Sonneman are liable to the United States for federal income tax liabilities for years 2003, 2004, 2007, 2008, 2010, 2011, 2012, and 2013 in an amount equal to $288,508.80 as of April 1, 2015.  Paragraph 12 of the Settlement Agreement provides that if the taxpayers become eligible for a discharge in any bankruptcy case, the tax and interest (but not penalties), other than for 2005 and 2006, are excepted from discharge under Section 523(a)(1)(C) of Title 11 of the United States Code.

16.     Paragraphs 3 and 4 of the Settlement Agreement require David Raymond Sonneman and Jennifer Ann Sonneman to make certain monthly payments toward those federal income tax liabilities, and, in addition, to pay their 2014 federal income tax liability (estimated at $4,753, not including penalties or interest) in full no later than January 31, 2016, and to file federal income tax returns and pay federal income taxes for years after 2014 on a timely basis going forward.

17.    Paragraph 10 of the Settlement Agreement provides that if at any time David Raymond

Sonneman and Jennifer Ann Sonneman are in arrears by three payments, the United

States may terminate the agreement without providing the taxpayers with prior notice and

an opportunity to cure the arrears.

18.    Paragraph 6 of the Settlement Agreement provides that if David Raymond Sonneman and

Jennifer Ann Sonneman default on the Settlement Agreement, their 2005 and 2006

federal income tax liabilities, which the IRS had abated on the assumption they had been

discharged in the 2010 bankruptcy case, will be revived on the basis that an exception to

discharge applied.

19.    The Background Section of the Settlement Agreement provides that David Raymond

Sonneman and Jennifer Ann Sonneman's liability for tax year 2005 would be $52,809.69

as of December 18, 2013.

20.    The Background Section of the Settlement Agreement further provides that David

Raymond Sonneman and Jennifer Ann Sonneman's liability for tax year 2006 would be

$70,599.03 as of December 18, 2013.

21.    Paragraph 11 of the Settlement Agreement provides that if the Settlement Agreement is

terminated by the United States due to a default, the United States shall be entitled to

commence an action in the United States District Court and shall be entitled to the

immediate entry of judgment for the tax liabilities consistent with the Settlement

Agreement, including the liabilities for tax years 2005 and 2006.

22.    Paragraph 8 of the Settlement Agreement provides that David Raymond Sonneman and

Jennifer Ann Sonneman agreed that to the extent the limitations period for collection of

tax imposed by Section 6502(a) of Title 26 of the United States Code would otherwise

expire during the period they were required to make installments under the agreement,

the period shall be tolled or extended such that it shall not expire until ninety days after March 1, 2021.

23. David Raymond Sonneman and Jennifer Ann Sonneman failed to pay their 2014 federal income tax liability in full by January 31, 2016.  They also failed to timely pay their 2016 federal income tax, as noted below.

24. David Raymond Sonneman and Jennifer Ann Sonneman failed to make the required monthly payment respecting the pre-2014-year liabilities for October of 2016 or any subsequent month.

25. Because David Raymond Sonneman and Jennifer Ann Sonneman are in arrears by more than three payments, the United States is entitled to terminate the Settlement Agreement without prior notice and is entitled to the immediate entry of judgment for the tax liabilities that are the subject of the Settlement Agreement.

26. David Raymond Sonneman and Jennifer Ann Sonneman remain indebted to the United States in an amount equal to $434,977.99 as of February 12, 2018, in respect of the tax liabilities that are the subject of the Settlement Agreement (including 2005, 2006, and 2014, in addition to the other periods), plus such additional amounts as may continue to accrue as provided by law.

**2016 Tax Labilities**

27. On June 5, 2017, a delegate of the Secretary of the Treasury made assessments against David Raymond Sonneman and Jennifer Ann Sonneman as joint filers for the tax period ending December 31, 2016 in the following amounts:

| Type of Assessment | Amount |
| --- | --- |
| Federal income tax | $51,866.00 |
| Penalty for not prepaying tax | $116.00 |
| Penalty for late payment of tax | $95.66 |
| Interest charged for late payment | $53.61 |

28.     A delegate of the Secretary of the Treasury issued notice of the assessments described in

paragraph 27 to David Raymond Sonneman and Jennifer Ann Sonneman and made

demand for payment of same.  Despite notice and demand, however, David Raymond

Sonneman and Jennifer Ann Sonneman failed or refused to pay the liabilities in full, and

as a result, there remains due and owing to the United States $10,636.14 as of February

12, 2018, plus such additional amounts as may continue to accrue as provided by law.


        **WHEREFORE**, United States of America prays for judgment against Defendant

Jennifer Ann Sonneman and Defendant David Raymond Sonneman, jointly and severally, in the

amount of $445,614.13, plus statutory additions accruing from and after February 12, 2018,

including interest pursuant to Sections 6601, 6621, and 6622 of Title 26 and Section 1961(c) of

Title 28 of the United States Code.

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Arie M. Rubenstein*
ARIE M. RUBENSTEIN
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6588
Facsimile: (202) 514-5238
Email: Arie.M.Rubenstein@usdoj.gov

Local Counsel:

JOSH MINKLER
United States Attorney

JILL Z. JULIAN
Chief, Civil Division
United States Attorney's Office
10 West Market Street
Suite 2100
Indianapolis, IN  46204
Telephone: (317) 226-2417
Facsimile: (317) 226-6125
Jill.Julian@usdoj.gov

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JENNIFER & DAVID SONNEMAN, | ) | Case No. 13-13031-RLM-13 |
| | ) | |
| Debtor. | ) | |
| | ) | |

### Settlement Agreement

The debtors, Jennifer & David Sonneman, and the United States of America, on behalf of the Internal Revenue Service ("IRS"), enter this settlement agreement and notify the Court of the same.   This agreement does not appear to require Court approval since it agrees to a dismissal of the case but to the extent the Court determines that approval of any provision is required for such provision to be binding, the debtors shall request that the Court approve this agreement or the relevant portions hereof.   Additionally, Mellisa Pearce, who holds an Indiana General Durable Power of Attorney (dated and notarized September 3, 2014) to act for David Sonneman in respect to (among other things) banking transactions, claims and litigation, and tax matters, signs this agreement to confirm her willingness to aid debtors' compliance with this agreement by receiving David Sonneman's wages and bonuses and assuring transmittal of installment payments required hereunder.   The "Background" information below may be used in resolving any ambiguities or other dispute over the enforceability of the terms that follow that section but is not intended to vary the terms.

**Background**

Debtors filed a no-asset Chapter 7 case in Idaho in 2010 and received a discharge.

Debtors filed their first (prior) chapter 13 petition in this court on August 20, 2013, and it was dismissed on September 4, 2013, after the United States Trustee filed a notice that they were ineligible for discharge.   Case No. 13-8895-JKC-13.

On December 18, 2013, debtors filed the instant Chapter 13 case. The United States Trustee again filed a notice of ineligibility for discharge (Doc. 6).

On July 28 and 29, 2014, debtors filed an objection to the IRS claim, a motion to determine tax, and a motion for sanctions, all of which are premised on the contention that some of the taxes claimed by the IRS were discharged in their chapter 7 case in Idaho.   After the Idaho case, the IRS abated tax liabilities for years 2005 and 2006.   It did not abate for years 2002 and 2003 because

the taxes were assessed with no returns filed, and the IRS maintains that returns filed after such an assessment cannot undo the applicability of 11 U.S.C. § 523(a)(1)(B)(i) – a position that the Seventh Circuit Court of Appeals has ruled is correct in *In re Payne*, 431 F.3d 1055 (7th Cir. 2005). It did not abate the taxes for 2007 and 2008 after the Idaho case because those taxes were priority taxes in that case – for which returns were due after three years prior to the petition under § 507(a)(8)(A)(i) and § 523(a)(1)(A).

The United States has informed debtors (originally through their former counsel, David Krebs, and confirmed to them after his withdrawal) that its position is that all of the debtor's tax claims in the Idaho case were excepted from the discharge in that case pursuant to 11 U.S.C. § 523(a)(1)(C). Accordingly, it informed debtors that absent a settlement, the IRS will reverse the abatement of the taxes and interest (but not penalties) for years 2005 and 2006 and claim that those taxes were not discharged in the Idaho case pursuant to § 23(a)(1)(C). Computed through the petition date, the liabilities for 2005 and 2006 would be $52,809.69 for 2005 ($37,028.89 tax, $15,780.80 interest) and $70,599.03 for 2006 ($52,650.00 tax, $17,949.03 interest).

The IRS's proof of claim (Claim No. 2-1) includes secured claims for tax years 2003, 2004, 2007, and 2008, and unsecured priority claims for years 2010, 2011, and 2012 with certain penalties on the unsecured priority claims included in a general unsecured claim amount. The claim duplicates the tax and interest amounts for years 2003 and 2004 by listing them as secured for David Sonneman and unsecured for Jennifer Sonneman. The correct claim amounts are listed in the secured and priority portions of the claim and only the penalties listed in the unsecured portion should be included. Accordingly, the total claim amount is overstated by approximately $140,600. The parties agree to the following terms.

**Terms**

1. The IRS's claim (Claim 2-1) is correct for the years it includes (i.e., not addressing 2005 and 2006) except for its double inclusion of the tax and interest for years 2003 and 2004. Accordingly, as of the petition date, Debtors owed, for the years listed, a total of $274,593.58. As of April 1, 2015, the interest on this sum will bring the total to $285,384.81.

2. Debtors also have a 2013-year liability of $3,123.99 as of September 1, 2014, on which penalties for late payment continue to accrue since the liability is for a year ended after the bankruptcy petition date. As of April 1, 2015, the liability will be $3,386.54.

3. Debtors agree that they will fully satisfy the total liabilities as described in paragraphs 1 and 2 above (totaling $288,508.80 as of April 1, 2015) ["the Settlement Liability"], including

subsequently accruing interest under the Internal Revenue Code in monthly installments commencing April 15, 2015, as follows: (1) the first three monthly payments (April 15, May 15, and June 15, 2015) shall be $2,500.00; (2) the next twelve monthly payments (July 15, 2015, through June 15, 2016) shall be $3,500.00; and (3) payments beginning July 15, 2016, shall be $4,500.00 until the liabilities are satisfied, while also accounting for any distribution by the Trustee and any refund offsets as described below.   It is acknowledged that this schedule reflects that two children of David Sonneman and Jennifer Sonneman will be at least 18 years of age and are expected to graduate from high school in or before June 2015 and June 2016 respectively.

4.   During the term of the installments debtors shall comply with all filing and payment requirements for taxes due under the Internal Revenue Code.   They shall endeavor to have adequate amounts withheld from income and make any quarterly estimated payments on non-wage income to cover anticipated taxes, and shall pay any amount due by April 15 of the year following each tax year (including making such payment as estimated in good faith with any request to extend the time to file the return and paying any amount still owed with the return if it is filed on extension).   The failure to comply with the requirements of this paragraph shall be considered material default by the debtors under this agreement, except as follows: debtors have recently informed counsel for the United States that they have a liability for 2014 due to the fact that, although David Sonneman endeavored to have adequate taxes withheld from his wages during 2014 and claimed zero exemptions on his Form W-4, his employer did not withhold taxes from bonus payments, which he represents has been corrected to include withholding on those bonus payments as well.   Debtors report this liability equals $4,753, not including penalties or interest.   Debtors shall not be considered in default under this agreement based on non-payment of the 2014 tax liability if they pay the full tax (exclusive of penalties or interest), directly to the IRS, no later than October 31, 2015, and thereafter pay all assessed and accrued late-payment penalties and interest no later than January 31, 2016.

5.   While the debtors remain current with these obligations (in paragraphs 3 and 4 above) the IRS will not collect by any other means, except for the funds held by the Trustee as set forth below and further except that the IRS may file and/or refile notices of federal tax liens as appropriate and may offset any tax overpayments from 2014 and subsequent years to the settlement liabilities.   If any overpayment is offset, the debtors understand that it will not entitle them to a reduction in monthly installment payments and instead will result in satisfaction of the total Settlement Liability sooner.   While the debtors remain current with the obligations in paragraphs 3 and 4, no additional late-payment penalties shall be imposed on the tax liabilities

covered by this agreement (except as to the 2014 tax liability as indicated above).

6. If the debtors make all payments required by paragraph 3 and remain current with all tax obligations as required by paragraph 4, the IRS will not reverse the abatements of the 2005 and 2006 tax liabilities referenced above and any potential liability for those taxes shall be considered extinguished when the last installment payment is made. As noted below, a material default that is not cured shall revive the 2005 and 2006 liabilities in addition to the Settlement Liability.

7. Debtors plan to voluntarily dismiss this bankruptcy case, or allow it to be dismissed based on the currently pending motion of the Trustee, and make these payments directly. They agree that this settlement agreement may be filed with the court by counsel for the IRS and that such filing may be described as reflecting the debtor's consent to dismissal if the case has not already been dismissed. They agree that, upon dismissal, the Chapter 13 Trustee may disburse all funds she holds from payments received from the debtors (understood to be approximately $7,500) to the IRS for application to the settlement liability, except to the extent the Trustee is entitled to any commissions or expense reimbursement. Debtors understand that the Trustee's remittance to the IRS will not entitle them to a reduction in monthly installment payments and instead will result in satisfaction of the total Settlement Liability sooner. It is estimated that if the Trustee distributes the funds she holds to the IRS and debtors make all installment payments timely, and if there are not tax refund offsets, then it will take between 75 and 80 months for the Settlement Liability to be satisfied.

8. Debtors agree that to the extent that the limitations period on collection of tax under 26 U.S.C. § 6502(a) would otherwise expire for any tax period during the time that they are required to make installments under this agreement, and unless and until they receive notice of termination due to a default that is not cured, the limitations period shall be deemed tolled or extended such that it shall not expire until 90 days after March 1, 2021. Debtors agree that this tolling or extension is a material term of this settlement and within the settlement authority of the Attorney General under 26 U.S.C. § 7122 and waive any contention to the contrary. Notwithstanding the foregoing, if at any time during the consummation of this agreement it appears that the period of limitations on collection of the tax liability for any particular year that has not been satisfied by installment payments is about to expire, debtors agree that they will, if requested to do so by the IRS, promptly execute an IRS form installment agreement accompanied by an extension of the limitations period pursuant to 26 U.S.C. § 6502(a)(2)(A). The failure to comply with such a request promptly shall be considered a material default under this agreement, but shall not alter the first two sentences of this paragraph.

4

9.   The parties agree that, to facilitate the making of the installment payments beginning with the second payment (due May 15, 2015), David Sonneman's wages shall, upon receipt by him, be turned over to Mellisa Pierce for deposit into a checking account over which she has control (which may be a joint account with David Sonneman) and that she will arrange for the payments required under paragraph 3 to be debited automatically by the Department of Justice, Tax Division, from such checking account.   Mellisa Pierce shall use best efforts to assure that sufficient funds are available in the account to cover the monthly payments, to be made on the 15th of each month.   Mellisa Pierce shall not be deemed a guarantor of the payments if David Sonneman fails to turn over his wages to her in amounts sufficient to make the payments (but she may be held liable for tortious conversion of the federal tax liens if she receives David Sonneman's wages and converts them to her own use without making the installment payments).   As an alternative, David Sonneman may elect to arrange to have his employer send payments directly to the Department of Justice, Tax Division, provided that such an arrangement is discussed and agreed to between said employer and the Department of Justice, Tax Division.   Notwithstanding the foregoing, debtors agree to make any payment that for any reason is not made automatically or directly by his employer as provided in the preceding part of this paragraph (including but not limited by reason of insufficient funds in the account from which the Department of Justice is authorized to withdraw the installment payments) by delivering through a private overnight delivery service (such as FedEx, or UPS but not by the United States Postal Service) a check payable to the "United States Treasury" to the Department of Justice, Tax Division; 555 Fourth Street NW, Room 7804; Washington, DC 20001, no later than five days after the date on which a payment was not successfully withdrawn automatically on the 15th of the month as contemplated above.

10.   If the debtors miss a payment, they shall be entitled to at least 10 days' notice of opportunity to cure such default before the United States terminates this agreement, except that if the debtors are at any time in arrears by three payments, the United States may terminate this agreement without giving prior notice and an opportunity to cure.   The United States may also terminate this agreement if the debtors fail to file any tax return timely or to pay any tax due with the return.   In the event any audit deficiency is assessed (after any Tax Court redetermination if the debtors petition the Tax Court prior to assessment), the debtors agree to pay any such assessment in full promptly, subject to their right to claim and sue for a refund upon meeting the jurisdictional prerequisites for such a suit.   Although the monthly installment payments are expected to be made from the income of by David Sonneman, Jennifer Sonneman remains liable as well and any default may be cured by her as well.

11.    If this agreement is terminated by the United States due to a default, the United States shall be entitled to commence an action in the United States District Court and be entitled to the immediate entry of a judgment for the tax liabilities in an amount consistent with this settlement agreement, plus the liabilities for 2005 and 2006 and the same extension of the limitations provision referred to in paragraph 8 above shall apply to those years.

12.    To the extent that the debtors otherwise may become eligible for a discharge in any bankruptcy case while installment payments are still required under this agreement, they agree that the tax and interest for all of the liabilities referenced in this agreement (except 2005 and 2006) are excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(C), the same as if a judgment to that effect had been entered in an adversary proceeding in this bankruptcy case.   Further, the filing of a bankruptcy petition shall not be grounds to excuse a default under this agreement except as follows: debtors are not required to make any installment payment while they promptly move in such a bankruptcy case to modify the stay to permit them to continue the payments required under this agreement so that they preserve the benefits of this agreement (primarily the extinguishment of the liabilities for 2005 and 2006).   Should the bankruptcy court grant the motion to modify the stay and should the debtors thereupon promptly resume the payments, then they shall still be considered in compliance with their installment obligations and shall still be entitled to the extinguishment of the 2005 and 2006 liabilities upon the making of sufficient installment payments to fully satisfy the Settlement Liability, with interest.

13.    Debtors acknowledge that counsel for the IRS has explained the provisions of this agreement with each of them and has given each of them (and Melissa Pearce) an opportunity ask questions about any provisions if they had any difficulty understanding them.   The signature of debtor below, in addition to being notarized, shall certify that that they were together when both of the signed this and each witnessed the other's signature.   The signatures of the debtors shall

constitute an offer and the signature of counsel for the IRS shall confirm that the offer has been accepted by a duly authorized delegate of the Attorney General.


DAVID RAYMOND SONNEMAN
343 McIntosh Lane
Westfield, IN 46074
(208) 340-8975
davesonneman@gmail.com


JENNIFER ANN SONNEMAN
6043 West Eland Drive
New Palestine, IN 46163
(208) 317-3796
jennifer.sonneman@yahoo.com


STATE OF INDIANA, COUNTY OF _Marion_ SS:

Before me the undersigned, a Notary Public in and for said County and State, personally appeared the within named DAVID RAYMOND SONNEMAN and JENNIFER ANN SONNEMAN, and acknowledged the execution of the foregoing SETTLEMENT AGREEMENT.

WITNESS MY HAND AND NOTARIAL SEAL, this _13_ day of _April_ 2015.

MY COMMISSION EXPIRES:                    _Patricia Murphree_

PATRICIA MURPHREE
(in Marion County
My Commission Expires
July 19, 2017

(NOTARY NAME) Notary Public
A Resident of _Marion_ County, Indiana


MELLISSA PEARCE
343 McIntosh Lane
Westfield, IN 46074
317-306-0625
mellpearce1@gmail.com


PETER SKLAREW
Tax Division, U.S. Department of Justice
(on behalf of the Internal Revenue Service)
P.O. Box 55
Washington, DC 20044
(202) 307-6571
peter.a.sklarew@usdoj.gov

7

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** SOUTHERN _____ **DISTRICT OF** INDIANA | **PROOF OF CLAIM** |

| | |
|---|---|
| Name of Debtor:<br><br>DAVID RAYMOND & JENNIFER ANN SONNEMAN | Case Number:<br><br>13-13031-RLM-13 |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Department of the Treasury - Internal Revenue Service | **COURT USE ONLY** |
| Name and address where notices should be sent:<br><br>Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA  19101-7346<br><br>Telephone number: 1-800-973-0424          email:          Creditor Number: 12625489 | ☐ Check this box if this claim amends a<br>  previously filed claim.<br><br>**Court Claim Number:**_____<br>  *(If known)*<br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above):<br><br>Internal Revenue Service<br>P.O. Box 7317<br>Philadelphia, PA  19101-7317<br><br><br>Telephone Number: 1-800-973-0424          email: | ☐ Check this box if you are aware that<br>  anyone else has filed a proof of claim<br>  relating to this claim. Attach copy of<br>  statement giving particulars. |

**1.  Amount of Claim as of Date Case Filed:**          $ 415,226.50 _____

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

■ Check this box if the claim includes interest or other charges in addition to the principal amount of claim. Attach a statement that itemizes interest or charges.

**2.  Basis for Claim:** _____Taxes_____
   (See instruction #2)

| **3.  Last four digits of any number by which creditor identifies debtor:**<br><br>_____See Attachment___ | **3a.  Debtor may have scheduled account as:**<br><br>_____<br>(See instruction #3a) | **3b.  Uniform Claim Identifier (optional):**<br><br>_____<br>(See instruction #3b) |
|---|---|---|

**4.  Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ■ Real Estate ■ Motor Vehicle ■ Other
**Describe:** *All of debtor(s) right, title and interest in property - 26 U.S.C. §6321*

**Value of Property:**$_____

**Annual Interest Rate** _3_% ☐ fixed  or  ■ variable
**(when case was filed)**

**Amount of arrearage and other charges. as of the time case filed, included in secured claim, if any:**

$ 247,964.95 _____

**Basis for perfection:** _____See Attachment_____

**Amount of Secured Claim:** $ 247,964.95 _____

**Amount Unsecured:**          $ 144,884.47 _____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).  If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

| | | |
|---|---|---|
| ☐ Domestic support obligations under<br>  11 U.S.C. §507(a)(1)(A) or (a)(1)(B). | ☐ Wages, salaries, or commissions (up<br>  to $12,475*) earned within 180 days<br>  before the case was filed or the debtor's<br>  business ceased, whichever is earlier -<br>  11U.S.C. §507 (a)(4). | ☐ Contributions to an employee benefit<br>  plan -11 U.S.C. §507 (a)(5).<br><br>          Amount entitled to priority:<br>          $ 22,377.08 _____ |
| ☐ Up to $2,775* of deposits toward<br>  purchase, lease, or rental of property<br>  or services for personal, family, or<br>  household use - 11 U.S.C. §507<br>  (a)(7). | ■ Taxes or penalties owed to<br>  governmental units - 11 U.S.C. §507<br>  (a)(8). | ☐ Other - Specify applicable paragraph<br>  of 11 U.S.C. §507 (a)(__). |

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**6. Credits.**  The amount of all payments on this claim has been credited for the purpose of making this proof of claim.  (See instruction #6)

B10 (Official Form 10) (4/13)
2

---

**7. Documents:** Attach are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. (*See instruction #7, and the definition of "redacted".*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

---

**8. Signature:** (See instruction #8)

Check the appropriate box.

■ I am the creditor. ☐ I am the creditor's authorized agent. ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.) ☐ I am a guarantor, surety, indorsor, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print name: E. MEDINA
Title: Bankruptcy Spec
Company: Internal Revenue Service

/s/ E. MEDINA        01/06/2014
(Signature)             (Date)

Address and telephone number (if different from notice address above):
Internal Revenue Service
575 N. Pennsylvania Street
M/S SB380
Indianapolis, IN 46204

Telephone number: (317) 685-7611       Email:

---

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# Proof of Claim for Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service

**Form 10**
Attachment

**In the Matter of:** DAVID RAYMOND & JENNIFER ANN SONNEMAN
343 MCINTOSH LN
WESTFIELD, IN 46074

**Case Number**
13-13031-RLM-13

**Type of Bankruptcy Case**
CHAPTER 13

**Date of Petition**
12/18/2013

The United States has not identified a right of setoff or counterclaim. However, this determination is based on available data and is not intended to waive any right to setoff against this claim debts owed to this debtor by this or any other federal agency. All rights of setoff are preserved and will be asserted to the extent lawful.

Separate assmnts. Both are shown, but the amt is to be collected once.

## Secured Claims    (Notices of Federal tax lien filed under internal revenue laws before petition date)

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Penalty to Petition Date | Interest to Petition Date | Notice of Tax Lien Filed: Date | Office Location |
|---|---|---|---|---|---|---|---|---|
| XXX-XX-5868 | INCOME | 12/31/2003 | 02/26/2007 | $34,400.98 | $0.00 | $28,736.91 | 12/17/2007 | ADA |
| XXX-XX-5868 | INCOME | 12/31/2004 | 02/26/2007 | $50,077.00 | $0.00 | $27,417.91 | 12/17/2007 | ADA |
| XXX-XX-5868 | INCOME | 12/31/2007 | 08/02/2010 | $54,432.00 | $32,381.75 | $13,234.82 | 10/20/2010 | HAMILTON COUNTY |
| XXX-XX-5868 | INCOME | 12/31/2008 | 07/19/2010 | $3,804.00 | $2,707.96 | $771.62 | 10/20/2010 | HAMILTON COUNTY |
| | | | | $142,713.98 | $35,089.71 | $70,161.26 | | |

**Total Amount of Secured Claims:**    **$247,964.95**

## Unsecured Priority Claims    under section 507(a)(8) of the Bankruptcy Code

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
|---|---|---|---|---|---|
| XXX-XX-5868 | INCOME | 12/31/2010 | 05/30/2011 | $7,269.00 | $644.09 |
| XXX-XX-5868 | INCOME | 12/31/2011 | 05/28/2012 | $11,428.00 | $588.81 |
| XXX-XX-5868 | INCOME | 12/31/2012 | 06/17/2013 | $2,398.00 | $49.18 |
| | | | | $21,095.00 | $1,282.08 |

**Total Amount of Unsecured Priority Claims:**    **$22,377.08**

## Unsecured General Claims

| Taxpayer ID Number | Kind of Tax | Tax Period | | Date Tax Assessed | Tax Due | Interest to Petition Date |
|---|---|---|---|---|---|---|
| XXX-XX-8362 | INCOME | 12/31/2003 | 1 | MFT 31 Both Spouses | $34,400.98 | $28,736.93 |
| XXX-XX-8362 | INCOME | 12/31/2004 | 1 | MFT 31 Both Spouses | $50,077.00 | $27,417.91 |
| | | | | | $84,477.98 | $56,154.84 |

Penalty to date of petition on unsecured priority claims (including interest thereon) . . . . . . $4,251.55
Penalty to date of petition on unsecured general claims (including interest thereon) . . . . . . $0.10

**Total Amount of Unsecured General Claims:**    **$144,884.47**

1 DEBTORS ARE JOINTLY LIABLE, HOWEVER THE LIABILITY WILL ONLY BE COLLECTED ONCE.

1872                      COURT RECORDING DATA

| INTERNAL REVENUE SERVICE<br>FACSIMILE FEDERAL TAX LIEN DOCUMENT<br><br>BANKRUPTCY DOCKET: 13-13031-RLM-13 | Lien Recorded    : 12/17/2007 - 08:34AM<br>Recording Number: 107165817<br>UCC Number     :<br>Liber         :<br>Page          : |
| Area: SMALL BUSINESS/SELF EMPLOYED #6<br>Lien Unit Phone: (800) 913-6050 | IRS Serial Number: 406387807 |

This Lien Has Been Filed in Accordance with
Internal Revenue Regulation 301.6323(f)-1.

Name of Taxpayer:
  DAVID R SONNEMAN

Residence:
  2019 E MOZART
  MERIDIAN, ID 83646

With respect to each assessment below, unless notice of lien
is refiled by the date in column(e), this notice shall constitute
the certificate of release of lien as defined in IRC 6325(a).

| Form<br>(a) | Period<br>(b) | ID Number<br>(c) | Assessed<br>(d) | Refile Deadline<br>(e) | Unpaid Balance<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2002 | XXX-XX-5868 | 02/26/2007 | 03/28/2017 | $82,760.93 |
| 1040 | 12/31/2003 | XXX-XX-5868 | 02/26/2007 | 03/28/2017 | $85,137.55 |
| 1040 | 12/31/2004 | XXX-XX-5868 | 02/26/2007 | 03/28/2017 | $77,607.14 |

| Filed at: COUNTY RECORDER<br>          ADA<br>          Boise, ID 83702 | Total | $245,505.62 |

This notice was prepared and executed at SEATTLE, WA
on this, the 28th day of November, 2007.

| Authorizing Official:<br>  ROBERT HIGGINS | Title:<br>  REVENUE OFFICER          26-10-3660 |

1872                                    COURT RECORDING DATA

| INTERNAL REVENUE SERVICE | Lien Recorded    : 10/20/2010 - 16:18PM |
|---|---|
| FACSIMILE FEDERAL TAX LIEN DOCUMENT | Recording Number: 2010054402 |
| | UCC Number       : |
| | Liber            : |
| BANKRUPTCY DOCKET: 13-13031-RLM-13 | Page             : |

| Area: SMALL BUSINESS/SELF EMPLOYED #6 | IRS Serial Number: 708032110 |
|---|---|
| Lien Unit Phone: (800) 913-6050 | |

This Lien Has Been Filed in Accordance with
Internal Revenue Regulation 301.6323(f)-1.

Name of Taxpayer:
  DAVID R # JENNIFER SONNEMAN

Residence:
  PO BOX 491
  CICERO, IN 46034

With respect to each assessment below, unless notice of lien
is refiled by the date in column(e), this notice shall constitute
the certificate of release of lien as defined in IRC 6325(a).

| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2007 | XXX-XX-5868 | 08/02/2010 | 09/01/2020 | $83,962.39 |
| 1040 | 12/31/2008 | XXX-XX-5868 | 07/19/2010 | 08/18/2020 | $5,880.70 |

| Filed at: COUNTY RECORDER HAMILTON COUNTY NOBLESVILLE, IN 46060 | Total | $89,843.09 |
|---|---|---|

This notice was prepared and executed at SEATTLE, WA
on this, the 06th day of October, 2010.

| Authorizing Official: JULIE A MEYER | Title: REVENUE OFFICER      26-99-6843 |
|---|---|

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| **(b)**  County of Residence of First Listed Plaintiff _____ <br> *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____ <br> *(IN U.S. PLAINTIFF CASES ONLY)* <br> NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF <br> THE TRACT OF LAND INVOLVED. |
| **(c)**  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government <br>     Plaintiff
- ☐ 2   U.S. Government <br>     Defendant
- ☐ 3   Federal Question <br>     *(U.S. Government Not a Party)*
- ☐ 4   Diversity <br>     *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place <br> of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place <br> of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a <br> Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment <br>      & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted <br>      Student Loans <br>      (Excludes Veterans) <br> ☐ 153 Recovery of Overpayment <br>      of Veteran's Benefits <br> ☐ 160 Stockholders' Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product <br>      Liability <br> ☐ 320 Assault, Libel & <br>      Slander <br> ☐ 330 Federal Employers' <br>      Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product <br>      Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle <br>      Product Liability <br> ☐ 360 Other Personal <br>      Injury <br> ☐ 362 Personal Injury - <br>      Medical Malpractice | **PERSONAL INJURY** <br> ☐ 365 Personal Injury  - <br>      Product Liability <br> ☐ 367 Health Care/ <br>      Pharmaceutical <br>      Personal Injury <br>      Product Liability <br> ☐ 368 Asbestos Personal <br>      Injury Product <br>      Liability <br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal <br>      Property Damage <br> ☐ 385 Property Damage <br>      Product Liability | ☐ 625 Drug Related Seizure <br>      of Property 21 USC 881 <br> ☐ 690 Other <br><br><br><br><br> **LABOR** <br> ☐ 710 Fair Labor Standards <br>      Act <br> ☐ 720 Labor/Management <br>      Relations <br> ☐ 740 Railway Labor Act <br> ☐ 751 Family and Medical <br>      Leave Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Employee Retirement <br>      Income Security Act | ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal <br>      28 USC 157 <br><br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 835 Patent - Abbreviated <br>      New Drug Application <br> ☐ 840 Trademark <br> **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) | ☐ 375 False Claims Act <br> ☐ 376 Qui Tam (31 USC <br>      3729(a)) <br> ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and <br>      Corrupt Organizations <br> ☐ 480 Consumer Credit <br> ☐ 490 Cable/Sat TV <br> ☐ 850 Securities/Commodities/ <br>      Exchange <br> ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Acts <br> ☐ 893 Environmental Matters <br> ☐ 895 Freedom of Information <br>      Act |
| **REAL PROPERTY** <br> ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | **CIVIL RIGHTS** <br> ☐ 440 Other Civil Rights <br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/ <br>      Accommodations <br> ☐ 445 Amer. w/Disabilities - <br>      Employment <br> ☐ 446 Amer. w/Disabilities - <br>      Other <br> ☐ 448 Education | **PRISONER PETITIONS** <br> **Habeas Corpus:** <br> ☐ 463 Alien Detainee <br> ☐ 510 Motions to Vacate <br>      Sentence <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> **Other:** <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition <br> ☐ 560 Civil Detainee - <br>      Conditions of <br>      Confinement | **IMMIGRATION** <br> ☐ 462 Naturalization Application <br> ☐ 465 Other Immigration <br>      Actions | **FEDERAL TAX SUITS** <br> ☐ 870 Taxes (U.S. Plaintiff <br>      or Defendant) <br> ☐ 871 IRS—Third Party <br>      26 USC 7609 | ☐ 896 Arbitration <br> ☐ 899 Administrative Procedure <br>      Act/Review or Appeal of <br>      Agency Decision <br> ☐ 950 Constitutionality of <br>      State Statutes |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1   Original <br>      Proceeding
- ☐ 2   Removed from <br>      State Court
- ☐ 3   Remanded from <br>      Appellate Court
- ☐ 4   Reinstated or <br>      Reopened
- ☐ 5   Transferred from <br>      Another District <br>      *(specify)*
- ☐ 6   Multidistrict <br>      Litigation - <br>      Transfer
- ☐ 8   Multidistrict <br>      Litigation - <br>      Direct File

## VI.  CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII.  REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** <br> UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:

JURY DEMAND:      ☐ Yes    ☐No

## VIII.  RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____      DOCKET NUMBER _____

DATE _____      SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)   Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)   County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)   Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.   Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.   Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.   Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# United States District Court

for the
Southern District of Indiana

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| vs. | ) | Cause No: 1:18-cv-414 |
| | ) | |
| David Raymond Sonneman and | ) | |
| Jennifer Ann Sonneman, | ) | |
| | ) | |
| *Defendants.* | ) | |

## SUMMONS IN A CIVIL ACTION

TO: (*Defendants' names and addresses*)

David Raymond Sonneman                Jennifer Ann Sonneman
343 McIntosh Lane                            6043 West Eland Drive
Westfield, Indiana 46074                    New Palestine, Indiana 46163

A lawsuit has been filed against you.  Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) – you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Arie M. Rubenstein
Department of Justice, Tax Division
P.O. Box 55
Washington, D.C.  20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                _____

*Signature of Clerk or Deputy Clerk*

Civil Summons (Page 2)

Civil Action Number: _____

## PROOF OF SERVICE
*(this section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)*_____.

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*_____

_____, a person of suitable age and discretion who resides there,

on *(date)* _____,  and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____, who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____on *(date)* _____; or

☐ I returned the summons unexecuted because _____; or

☐ Other *(specify)*:


My fees are $ _____for travel and $_____for services, for a total of $_____.


I declare under penalty of perjury that this information is true.


Date: _____          _____

                                   *Server's Signature*


                                   _____

                                   *Printed name and title*


                                   _____

                                   *Server's address*

Additional information regarding attempted service, etc.